UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAVJOT SINGH,

      Petitioner,               Case Number: 2:18-10496
                                            Hon. George Caram Steeh

v.

THOMAS WINN,

      Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE
AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Navjot Singh is a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. He challenges his convictions for armed robbery and assault with intent to murder, raising two grounds for relief. It is apparent from the face of the petition that one of the habeas claims has not been exhausted in state court. Therefore, the Court dismisses the petition for a writ of habeas corpus without prejudice.

## I. Background

Petitioner pleaded no contest in Calhoun County Circuit Court to armed robbery, Mich. Comp. Laws § 750.529, and assault with intent to

murder, Mich. Comp. Laws § 750.83.  On January 27, 2017, he was sentenced to 12 to 25 years for the armed robbery conviction and 10 to 25 years for the assault with intent to commit murder conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising these claims: (i) trial court failed to comply with state court rules by failing to personally advise Petitioner of his right to a trial, his right to confront his accuser, and his right to remain silent or to testify in his own defense; (ii) trial court's failure to personally advise Petitioner of the rights he would be giving up by entering a plea rendered the plea involuntary; and (iii) trial court abused its discretion by denying pre-trial motion to withdraw plea.  The Michigan Court of Appeals denied leave to appeal.  *People v. Singh*, No. 337465 (Mich. Ct. App. Apr. 20, 2017).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims presented to the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  *People v. Singh*, 501 Mich. 947 (Mich. Dec. 27, 2017).

Petitioner filed the pending habeas petition on February 8, 2108.  He raises these claims:

> I. The defendant Mr. Singh was denied his due process rights to a fair trial/plea hearing due to the ineffective assistance of

counsel.

II. The trial court erred in denying Petitioner Navjot Singh's motion to withdraw his plea, as his plea was coerced and he was denied effective assistance of counsel.

## II. Discussion

### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition contains an unexhausted claim; therefore, the petition will be dismissed.

### B.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015). *See also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be presented at every stage of the state appellate process."). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner has failed to present his ineffective assistance of counsel claim in state court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may result in the reversal

of Petitioner's convictions, thereby mooting the federal questions presented. See Humphrey v. Scutt, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983), and Woods v. Gilmore, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)). Non-prejudicial dismissal of the petition is warranted under such circumstances.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. See Rhines v. Weber, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." Id. at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to run until the conviction becomes

final, 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). Petitioner's state court conviction will become final on March 27, 2018, when the time for filing a certiorari petition expires. *Id.* Thus, the limitations period has not yet even commenced. Further, the limitations period will be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so. A stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### III. Conclusion

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

**SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2018

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 27, 2018, by electronic and/or ordinary mail and also on Navjot Singh #277894, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk

---